■ E.B. GENERAL CONTRACTING et al., Respondents, v NATIONWIDE INSURANCE COMPANY, Appellant.—In an action for a judgment declaring, inter alia, that the defendant is obligated to defend and indemnify the plaintiffs, the defendant appeals, as limited by its brief, from (1) so much of a judgment of the Supreme Court, Westchester County (Ruskin, J.), dated September 12, 1990, as awarded attorneys' fees and disbursements, and (2) so much of an amended judgment of the same court, dated October 24, 1990, as awarded attorneys' fees and disbursements.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is reversed insofar as appealed from, on the law, the award of attorneys' fees and disbursements is denied, and the judgment is modified accordingly; and it is further,

Ordered that the defendant is awarded one bill of costs.

Subsequent to the perfection of this appeal, the coverage issue was settled without any admission as to coverage or agreement as to attorneys' fees. Therefore, the only issue before this Court is the propriety of the award by the Supreme Court of attorneys' fees and disbursements.

On January 13, 1987, Arthur Simmons was injured when he fell from a ladder while working as a painter, allegedly as an independent contractor for Eugene Borchert, in a store operated by the Toy & Sport Warehouse, Inc. Eugene Borchert took him to the hospital. According to Borchert, Simmons told him that he did not intend to sue anyone.

In March 1987 Simmons sued Toy & Sport Warehouse, Inc., and in March 1988 Toy & Sport Warehouse, Inc. commenced a third-party action against Borchert and his business E.B. General Contracting. Borchert notified the appellant, his insurance company, several weeks after the commencement of the third-party action.

Under the circumstances presented in this case, Borchert's approximately 15-month delay in notifying the appellant was unreasonable as a matter of law (see, Platsky v Government Empls. Ins. Co., 181 AD2d 764; Deso v London & Lancashire Ins. Co., 3 NY2d 127, 129-130).

In light of our determination that the appellant is not required to defend E.B. General Contracting and Borchert as a result of the delay in notification, we find that the Supreme Court erred in awarding the plaintiffs counsel fees plus disbursements for the defense of the underlying personal injury action (see, Mighty Midgets v Centennial Ins. Co., 47 NY2d 12; Muhlstock & Co. v American Home Assur. Co., 117 AD2d 117). Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.