GJON ZADRIMA, Also Known as JOHN ZADRIMA, et al., Respondents, v PSM INSURANCE COMPANIES, Also Known as PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Also Known as PARAMOUNT INSURANCE COMPANY, Appellant. [616 NYS2d 817] — In an action, *inter alia,* for a judgment declaring that the defendant must defend and indemnify the plaintiffs with regard to a personal injury action pending in the Supreme Court, Kings County commenced by Mohammed Sharafad Ali, the defendant appeals from an order of the Supreme Court, Kings County (Garry, J.), dated March 31, 1993, which granted the plaintiffs' motion for summary judgment to the extent of declaring that the defendant is obligated to defend the plaintiffs in the personal injury action and which denied the defendant's cross motion for summary judgment declaring that it is not obligated to defend or indemnify the plaintiffs, and for a change of venue to New York County.

Ordered that the order is modified, on the law, by deleting the provision thereof which declared that the defendant PSM Insurance Companies is obligated to defend the plaintiffs in connection with the underlying personal injury action commenced by Mohammed Sharafad Ali in Supreme Court, Kings County, the plaintiffs' motion is denied in its entirety, and the defendant's cross motion is granted to the extent that it is hereby declared that PSM Insurance Companies is not obligated to defend or indemnify the plaintiffs in connection with the aforementioned personal injury action; as so modified, the order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

On October 15, 1990, Mohammed Sharafad Ali fell from a ladder while employed by a roofing contractor at the plaintiffs' apartment building in the Bronx. The plaintiffs were insured by the defendant PSM Insurance Companies (hereinafter

PSM) under a commercial general liability policy which, *inter alia*, obligated the plaintiffs to "promptly" notify PSM of an " 'occurrence which may result in a claim' ". The policy defined an occurrence, *inter alia*, as an accident. PSM established that the plaintiff Gjon Zadrima received actual notice of the "occurrence" shortly after its happening, but that notice was not given to PSM until February 1991, when the plaintiffs forwarded a written claim letter from Mr. Ali's attorney to PSM. When PSM disclaimed coverage due to the plaintiffs' failure to provide the requisite prompt notice, the plaintiffs commenced the instant action.

The Supreme Court found that PSM was obligated to defend, but not indemnify, the plaintiffs in connection with Mr. Ali's action. We disagree. It is well settled that where an insurance policy, such as the one at bar, requires an insured to provide immediate or prompt notice of an occurrence, such notice must be provided within a reasonable time in view of all of the facts and circumstances of the case *(see, Deso v London & Lancashire Indem. Co.,* 3 NY2d 127). The giving of required notice is a condition precedent to coverage under the policy *(Deso v London & Lancashire Indem. Co., supra).* When the insured has delayed giving the required notice, the insured bears the burden of demonstrating the reasonableness of the delay *(see, White v City of New York,* 81 NY2d 955). In this case, PSM demonstrated that the plaintiffs possessed contemporaneous knowledge of the occurrence, yet provided no notice thereof to the insurer until approximately four months later. The plaintiffs provided no reasonable explanation for this omission, which they failed to disclose in their motion papers. Clearly, however, the plaintiffs were subject to potential strict liability pursuant to Labor Law §§ 240 and 241, and they possessed no reasonable belief of nonliability *(see, Platsky v Government Empls. Ins. Co.,* 181 AD2d 764; *Elkowitz v Farm Family Mut. Ins. Co.,* 180 AD2d 711). Moreover, the plaintiffs were aware that Mr. Ali had been transported by ambulance to a hospital following his fall. Thus, no ordinary prudent person could have reasonably believed himself to be immune from potential civil liability under the circumstances *(see, Winstead v Uniondale Union Free School Dist.,* 201 AD2d 721). Accordingly, the plaintiffs' failure to provide the requisite prompt notice was not reasonable and PSM's motion should have been granted. Sullivan, J. P., Santucci, Joy, and Krausman, JJ., concur.