■ CAN-AM ROOFING, INC., Respondent-Appellant, v AMERICAN STATES INSURANCE COMPANY, Appellant-Respondent. [645 NYS2d 253] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was hired as a subcontractor by the general contractor, Barrington East Development, Ltd., to install the roof on an addition to the Genesee River Hotel. On February 27, 1991, Craig Coburn, who was hired as an independent contractor by plaintiff, sustained injuries when he fell while working on the roof. Plaintiff at that time was insured by defendant under a commercial property and liability insurance policy. Lucien Brisson, the sole owner of plaintiff, was out of the country at the time of Coburn's accident. Shortly after Brisson returned, Coburn told him of the accident and the injuries he had sustained. In September 1991 Coburn resumed working as an independent contractor for plaintiff, but never indicated that he intended to sue plaintiff.

On July 31, 1991, Kenneth O'Grady, who was working as an independent contractor for plaintiff on a different job, fell from a ladder and sustained injuries. In March 1993 O'Grady sued plaintiff, alleging causes of action under Labor Law §§ 240 and 241 (6). Plaintiff forwarded the pleadings to Nova Insurance Co., its then liability carrier, which agreed to defend and indemnify plaintiff.

On August 25, 1993, Coburn and his wife commenced an action against the Genesee River Hotel, Barrington East Development, Ltd., and plaintiff, alleging negligence and Labor Law causes of action. In late September 1993 the summons and complaint were served on plaintiff; they were forwarded to plaintiff's insurance agent, who forwarded them to defendant, and they were received by defendant on September 30, 1993. On October 18, 1993, defendant disclaimed coverage based, *inter alia,* upon plaintiff's failure to notify defendant of the accident in a timely manner.

Thereafter, plaintiff commenced this action seeking, *inter alia,* a declaration that defendant is required to defend and indemnify plaintiff and to reimburse it for the attorney's fees

and expenses incurred in the Coburn action, as well as for the attorney's fees and expenses incurred in this declaratory judgment action. In its answer, defendant asserted various affirmative defenses, including plaintiff's failure to provide timely notice as required by the policy.

Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court granted that part of plaintiff's motion for summary judgment declaring that defendant is required to defend and indemnify plaintiff and to reimburse it for the expenses and reasonable attorney's fees incurred in the Coburn action and denied defendant's cross motion for summary judgment declaring that plaintiff is not entitled to that relief.

The court properly denied that part of plaintiff's motion for summary judgment declaring that it is entitled to recover the attorney's fees and expenses incurred in defending this declaratory judgment action. An insured who brings a declaratory judgment action against its insurer "to settle its rights" may not recover its costs of litigation (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21).

The court erred, however, in granting that part of plaintiff's motion for summary judgment declaring that defendant is required to defend and indemnify plaintiff and to reimburse it for the expenses and reasonable attorney's fees incurred in the Coburn action. Absent a reasonable excuse, an insured's failure to give notice to the insurer within a reasonable time after the occurrence giving rise to the claim "vitiates the policy" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440; *see, Zugnoni v Travelers Ins. Cos.*, 179 AD2d 1033). The burden of justifying the delay by establishing a reasonable excuse is upon the insured (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra*, at 441), and where the insured offers no excuse or an excuse unsupported by credible facts, the issue of reasonableness may be determined by the court as a matter of law (*Deso v London & Lancashire Indem. Co.*, 3 NY2d 127, 130). A delay is justified where an insured has a "reasonable belief in nonliability", as measured by whether "a reasonable person could envision liability" (*White v City of New York*, 81 NY2d 955, 957-958).

In support of plaintiff's motion, Brisson asserted that he was unaware of the strict liability provisions of the Labor Law and believed that he could not be sued by an independent contractor. That excuse for the delay is unreasonable as a matter of law. Six months before plaintiff notified defendant of the Coburn claim, plaintiff had been sued under the Labor Law by

another independent contractor for injuries sustained in an almost identical accident. That lawsuit brought to Brisson's attention the fact that plaintiff was subject to suit under the Labor Law by an independent contractor. Possessed of that knowledge, "no ordinary prudent person could have reasonably believed himself to be immune from potential civil liability under the circumstances" (*Zadrima v PSM Ins. Cos.*, 208 AD2d 529, 530, *lv denied* 85 NY2d 807; *see, E.B. Gen. Contr. v Nationwide Ins. Co.*, 189 AD2d 796; *cf., G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925).

In disclaiming or denying coverage, an insurer is required to "give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage" to its insured and the injured party or any other claimant (Insurance Law § 3420 [d]). One day after receiving notice of the claim, defendant issued a reservation of rights letter, informing plaintiff that it could not make a decision regarding coverage until it completed its investigation. In one week, defendant's claim adjuster obtained a statement from Brisson and visited the accident scene and, three days thereafter, defendant's claims manager sent the division office a letter requesting approval of a disclaimer. One week later, and only three weeks after receiving notice of the accident, defendant disclaimed coverage. We conclude that defendant acted "as soon as * * * reasonably possible" in disclaiming coverage (Insurance Law § 3420 [d]; *see, Silk v City of New York*, 203 AD2d 103, *lv denied* 84 NY2d 810).

We modify the judgment by denying in part plaintiff's motion for summary judgment and vacating the declaration that plaintiff is entitled to a defense and indemnification and to the expenses and attorney's fees incurred in the Coburn action, and by granting in part defendant's cross motion for summary judgment and granting judgment in favor of defendant declaring that plaintiff is not entitled to a defense and indemnification in the Coburn action. (Appeals from Judgment of Supreme Court, Monroe County, Siragusa, J.—Declaratory Judgment.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.