■ SHANE McCARTHY, Doing Business as McCARTHY ROOFING COMPANY, Appellant, v NOVA CASUALTY COMPANY, Respondent. [657 NYS2d 466] —Cardona, P. J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered June 3, 1996 in Madison County, which, *inter alia*, granted defendant's cross motion for summary judgment.

In June 1995, Donald Thompson and Joy Thompson commenced an action against plaintiff, a contractor, seeking to recover for property damage they had sustained as a result of plaintiff's installation of a new roof on their home in 1992. During the roofing project, plaintiff's business was insured under a contractor's special liability policy issued by defendant. The policy specifically required that defendant be "promptly" notified if the insured became "aware of anything that indicates that there might be a claim under the [policy]". After plaintiff was served with the Thompsons' complaint in June 1995, he immediately notified defendant of the lawsuit. Defendant, however, ultimately denied coverage based, *inter alia*, on plaintiff's alleged failure to timely notify defendant of his potential liability.

Specifically, defendant learned that in December 1992, plaintiff instituted a collection action in Oneida City Court against the Thompsons seeking the balance of moneys alleg-

---

* The cap is now $2,000 a month (L 1991, ch 320). This new limit is not applicable to this case.

edly owed for the roofing work performed by plaintiff. In their answer in that action, the Thompsons raised as an affirmative defense their assertion that the work performed by plaintiff was not done in a workmanlike fashion.* Following a trial, City Court determined in an October 1993 decision that plaintiff should perform corrective work on the Thompsons' roof. The scheduling of the work did not go smoothly and, in an affidavit to City Court in March 1995, Donald Thompson specifically stated that he was going to sue plaintiff for damages.

Following defendant's disclaimer, plaintiff thereafter commenced this action seeking a declaration that defendant is liable to defend and indemnify him in the Thompsons' action. After issue was joined, Supreme Court, *inter alia,* denied plaintiff's motion for partial summary judgment and granted defendant's cross motion for summary judgment. Plaintiff now appeals.

It is well settled that compliance with the notice provisions in an insurance policy is a condition precedent to coverage and, absent a reasonable excuse (*see, White v City of New York,* 81 NY2d 955, 957), noncompliance with the notice provisions vitiates the policy (*see, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.,* 31 NY2d 436, 440). Upon our review of the record, we find that plaintiff failed to meet his burden of establishing a reasonable excuse or explanation for his delay in complying with the notice provisions (*see, Bauer v Whispering Hills Assocs.,* 210 AD2d 569, 571-572, *lv denied* 86 NY2d 701; *see also, White v City of New York, supra,* at 957). As evidenced by City Court's finding of facts, the quality of plaintiff's work and the alleged damage to the Thompsons' property were issues clearly disputed at the trial. In addition, we note that plaintiff in his affidavit wholly fails to advance an explanation for his delay in notifying defendant following the Thompsons' March 1995 affidavit. Accordingly, we find that summary judgment was properly granted to defendant. Nevertheless, "[b]ecause this is a declaratory judgment action, the judgment should be modified to declare the parties' rights, which is consistent with Supreme Court's decision" (*Jackson v Coughlin,* 204 AD2d 939, 940).

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by declaring that defendant is not obligated to defend or indemnify plaintiff in the underlying lawsuit, and, as so modified, affirmed.

---

* Plaintiff correctly notes that the answer did not contain a counterclaim.