■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant, v CATINA FILAKOURIS et al., Respondents, et al., Defendant. [659 NYS2d 771] —In an action for a judgment declaring that the plaintiff New York Central Mutual Fire Insurance Company has no duty to defend or indemnify its insureds, the defendants John, Catina, and Christopher Filakouris, in an action pending in the Supreme Court, Nassau County entitled *Liberty v Filakouris* (Index No. 029531/94), the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Ain, J.), dated February 13, 1996, as denied that branch of its motion which was for summary judgment declaring that it was not obligated to defend and indemnify Catina and Christopher Filakouris.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted for the entry of a judgment declaring that the plaintiff is not required to defend and indemnify the defendants in connection with the underlying personal injury action.

The homeowner's policy issued by the plaintiff insurance carrier New York Central Mutual Fire Insurance Company to the defendants Catina and Christopher Filakouris required, *inter alia,* that they provide the plaintiff with notice of any "occurrences" "as soon as practical". Under the circumstances of this case, a delay of approximately one year in providing notice of the incident to the plaintiff was unreasonable *(see, Allstate Ins. Co. v Grant,* 185 AD2d 911; *see also, Security Mut. Ins. Co. v Acker-Fitzsimmons Corp.,* 31 NY2d 436, 440; *Deso v London & Lancashire Indem. Co.,* 3 NY2d 127; *Vradenburg v Prudential Prop. & Cas. Ins. Co.,* 212 AD2d 913; *E.B. Gen. Contr. v Nationwide Ins. Co.,* 189 AD2d 796; *Platsky v Government Empls. Ins. Co.,* 181 AD2d 764; *Virtuoso v Aetna Cas. & Sur. Co.,* 134 AD2d 252).

In light of our conclusion, we need not reach the plaintiff's remaining contention. Bracken, J. P., Rosenblatt, Thompson and Krausman, JJ., concur.