■ COLONIAL WOODS CONDOMINIUM, Appellant, v HANOVER INSURANCE COMPANY, Respondent, et al., Defendant. [665 NYS2d 102] —In an action for a judgment declaring that the defendant Hanover Insurance Company has a duty to defend and indemnify its insured, the plaintiff Colonial Woods Condominium, in an underlying negligence action commenced by the defendant Hazel Organ, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), entered October 1, 1996, which denied its motion for summary judgment, granted the cross motion of the defendant Hanover Insurance Company for summary judgment, and declared that the latter is not obligated to defend and indemnify it in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

On January 21, 1992, Hazel Organ was injured when she slipped and fell on snow and ice on premises owned by the plaintiff Colonial Woods Condominium (hereinafter Colonial Woods). Within a week or two after the accident Organ contacted Colonial Woods, informed their representative that she had been injured and was seeking reimbursement for nothing more than medical expenses that were not covered under her insurance policy. She asked for $300, and was told to submit her claim in writing. By letter dated July 6, 1992, she submitted bills totalling $302.92. On August 28, 1992, the plaintiff sent Organ a letter indicating that there was absolutely no evidence of any negligence on its part and that, accordingly, it saw no reason for "submitting anything to our community carrier".

Upon receiving a letter from Ms. Organ's attorneys, in or around November 1993, indicating that a lawsuit was planned, the plaintiff sent a letter to its insurance broker the defendant, the Hanover Insurance Company (hereinafter Hanover), containing the attorneys' letter as well as the letters dated July 6, 1992, and August 28, 1992, and asked the broker to examine the documents. Hanover denied the claim based upon the failure of Colonial Woods to give timely notice. Colonial Woods commenced the instant action for a declaration that Hanover was obligated to defend and indemnify it. The

Supreme Court declared that Hanover was not so obligated. We affirm.

Under the circumstances presented in this case, the plaintiff's delay of, at minimum, 16 months, in notifying Hanover was unreasonable as a matter of law (*see, E.B. Gen. Contr. v Nationwide Ins. Co.,* 189 AD2d 796). Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.