■ In the Matter of the Arbitration between TRAVELERS INSURANCE COMPANY, Appellant, and JAMES P. DeLOSH, Respondent. [672 NYS2d 219] —Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Respondent was covered under an automobile insurance policy issued by petitioner, The Travelers Insurance Company, with liability and supplemental uninsured motorist coverage (SUM) of $300,000. Under the SUM endorsement, respondent was required to give petitioner notice of a claim "[a]s soon as practicable". Respondent was involved in a motor vehicle accident on January 26, 1995 that involved two other motor vehicles, but respondent did not give notice of his claim under the SUM endorsement until February 9, 1996. Petitioner disclaimed coverage on the ground that respondent had failed to give timely notice, and respondent filed a demand for arbitration. Petitioner then commenced this proceeding for a permanent stay of arbitration based upon respondent's alleged failure to comply with the notice provision. Supreme Court denied the petition and directed that arbitration proceed in accordance with respondent's demand.

"The requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage" (*White v City of New York*, 81 NY2d 955, 957). The meaning of the "phrase 'as soon as practicable' is an elastic one" and calls "for a determination of what was within a reasonable time in the light of the facts and circum-

stances of the case at hand" (*Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 19; *see, Merchants Mut. Ins. Co. v Hoffman*, 86 AD2d 779, *affd* 56 NY2d 799). The burden of establishing a reasonable excuse for the delay is upon the insured (*see, Can-Am Roofing v American States Ins. Co.*, 229 AD2d 973, 974). It has been held that a delay of one year, absent a reasonable excuse, is sufficient to vitiate the insurance contract as a matter of law (*see, New York Cent. Mut. Fire Ins. Co. v Filakouris*, 240 AD2d 481; *see also, Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436). A delay is justified, however, when an insured has a "reasonable belief in nonliability" as measured by whether "a reasonable person could envision liability" (*White v City of New York, supra*, at 957-958). Where there is a credible basis to support the reason for the delay, the issue of reasonableness becomes one of fact (*see, Zugnoni v Travelers Ins. Cos.*, 179 AD2d 1033; *Hartford Fire Ins. Co. v Masternak*, 55 AD2d 472, 474).

Respondent furnished a credible basis for the delay in presenting his claim to petitioner. On August 23, 1995, respondent consulted Dr. Edward Sall, M.D., D.D.S., because of his "[seven] month history of bilateral facial pain". Dr. Sall diagnosed the pain and stiffness in respondent's jaw as "possible bilateral Anterior Disc Displacement without Reduction in the Temporomandibular Joint(s) [TMJ]." Dr. Sall recommended that respondent receive trigger point injections for six months and use a mandibular orthopedic appliance. Dr. Sall noted that, in the event that such treatment was ineffective, "a[n] MRI Scan will be required to evaluate the possibility of damage to the joint cartilage and the need for corrective surgery".

The record supports the conclusion that, before respondent was diagnosed with TMJ syndrome in August 1995, he reasonably believed that he had not sustained a "serious injury" (Insurance Law § 5105). After the accident, the initial diagnosis for respondent was "soft tissue strain/sprain of the cervical, thoracic and lumbosacral spine" with some "pre-existing degenerative changes". A CAT scan of June 15, 1995 showed that respondent's thoracic spine was "normal", and the cause of pain in respondent's jaw was undiagnosed.

It is at least arguable that respondent had a good faith belief that the problem with his jaw did not constitute a serious injury and was correctable by a course of nonsurgical treatment. Respondent, however, was on notice that he had a potential serious injury when he was diagnosed in October 1995 with a herniated disc at the C6-7 level (*see, e.g., Walsh v*

*Kings Plaza Replacement Serv.*, 239 AD2d 408; *Fields v Armada Vehicle Rental Co.*, 215 AD2d 433, 434; *see also, Jackson v United Parcel Serv.*, 204 AD2d 605). Nevertheless, respondent did not present his SUM claim until February 9, 1996, approximately four months after that diagnosis. The excuse proffered by respondent for the delay is that he was unable to ascertain the limits of the policies of the other persons involved in the accident. That excuse may be considered in determining whether notice was timely (*see, Matter of Travelers Ins. Co. v Morzello*, 221 AD2d 291, 292). Respondent's former attorneys had written to the insurance carrier of one of the persons involved in the accident immediately upon learning that respondent had a herniated disc and again wrote to the carrier in December 1995, but received no response. On January 26, 1996, respondent retained other attorneys, who promptly submitted a claim to petitioner and thereafter exercised appropriate diligence in obtaining the information regarding the liability coverage of the other persons involved in the accident. Thus, whether notice was given "as soon as practicable" presents an issue of fact precluding summary judgment (*see, Hartford Fire Ins. Co. v Masternak, supra*, at 474; *Allstate Ins. Co. v Moon*, 89 AD2d 804, 805).

We therefore reverse the order and remit this matter to Supreme Court for a hearing to determine whether notice was given "as soon as practicable". (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Arbitration.) Present— Denman, P. J., Lawton, Pigott, Jr., and Boehm, JJ.