■ DRYDEN MUTUAL INSURANCE Co., Respondent, v MICHAEL GREASER et al., Appellants, et al., Defendant. [702 NYS2d 479] —Judgment unanimously affirmed without costs. Memoran-

dum: Supreme Court properly granted judgment declaring that plaintiff is not obligated to defend and indemnify Michael Greaser and Beth Greaser (defendants) with respect to a personal injury action brought by defendant Jan Polley arising from an accident on August 10, 1992. When Michael Greaser visited Polley at the hospital shortly after the accident, Polley solicited the name of defendants' insurer and asked Greaser to provide a statement in support of Polley's claim. Defendants did not notify plaintiff of the loss until December 13, 1995, after being served by Polley with a summons and complaint.

The policy at issue requires that prompt notice be given "if an insured becomes aware of anything that indicates there might be a claim under the policy". Polley's statements to Greaser at the hospital were sufficient to put defendants on notice that Polley might make a claim. Defendants contend that they had a good-faith belief in nonliability and thus that their delay in notifying plaintiff is excusable (*see, White v City of New York*, 81 NY2d 955, 958). The policy provision, however, is clear and unambiguous and must be given its plain and ordinary meaning (*see, Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864). At issue under the policy provision is not whether defendants have a good-faith belief in nonliability, but whether they should have anticipated a claim (*cf., Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913).

We reject defendants' contention that plaintiff failed to disclaim coverage "as soon as is reasonably possible" (Insurance Law § 3420 [d]). Plaintiff issued its disclaimer letter upon completion of its investigation, 27 days after receiving defendants' untimely notice (*see, Artis v Aetna Cas. & Sur. Co.*, 256 AD2d 429; *Structure Tone v Burgess Steel Prods. Corp.*, 249 AD2d 144). (Appeal from Judgment of Supreme Court, Niagara County, Joslin, J.—Declaratory Judgment.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.