■ LUCINDA STRAND, Respondent-Appellant, v PIONEER INSURANCE COMPANY, Appellant-Respondent. [704 NYS2d 683] —Mercure, J. Cross appeals from an order of the Supreme Court (Torraca, J.), entered November 17, 1998 in Ulster County, which denied plaintiff's motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.

In March 1989, the Department of Environmental Conservation brought an action against plaintiff and others pursuant to Navigation Law article 12 seeking reimbursement for petroleum contamination cleanup and removal costs and penalties under Navigation Law § 192 (hereinafter the DEC action).* Ultimately, a jury rendered a verdict against plaintiff for $4,400, and judgment was entered against her for that amount plus preverdict interest, costs and disbursements (*State of New York v Arthur L. Moon, Inc.*, 256 AD2d 862).

During the pendency of the DEC action, plaintiff commenced this action against defendant, her premises liability insurer, alleging, *inter alia,* that defendant breached its insurance contract with plaintiff by refusing to provide plaintiff with a defense and indemnity in the DEC action. In its answer, defendant acknowledged that it had disclaimed coverage but asserted as affirmative defenses that the disclaimer was justified by virtue of plaintiff's failure to give it timely notice of the occurrence giving rise to liability and to promptly forward the legal papers received in the DEC action and also that the policy's pollution exclusion barred coverage under the contract. Following joinder of issue, plaintiff moved for summary judgment for the relief demanded in the complaint and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court denied the motion and the cross motion and the parties cross-appeal.

We affirm. In our view, plaintiff's sworn statements that she first learned of the fuel oil discharge on March 31, 1986 and promptly notified defendant's local agent of the same by telephone, but was told that there was nothing defendant could do because "contamination" was not covered by her policy,

---

* A more detailed history of the DEC action against plaintiff and related actions can be found in our prior decisions in *State of New York v Arthur L. Moon, Inc.* (228 AD2d 826, *lv dismissed* 89 NY2d 861), *State of New York v Arthur L. Moon, Inc.* (256 AD2d 862) and *Strand v Neglia* (232 AD2d 907, *lv dismissed* 89 NY2d 1086).

made out a prima facie showing on the issues of prompt notice to defendant or its agent and plaintiff's good-faith belief in noncoverage excusing her subsequent failure to provide defendant with the legal papers received in the DEC action (*see, Reynolds Metal Co. v Aetna Cas. & Sur. Co.*, 259 AD2d 195, 199-200; *Marinello v Dryden Mut. Ins. Co.*, 237 AD2d 795, 796 [citations omitted]). Further, deposition testimony of DEC employee Olufemi Falade that his investigation revealed oil on the side of plaintiff's tank "where it all had flown over" provides adequate evidentiary support for a finding that the oil spill was caused by an inadvertent overfilling of the tank and that the occurrence therefore involved a "sudden and accidental" discharge, expressly falling outside the policy exclusion. In each case, however, contrary evidence presented by defendant raised genuine issues for resolution by the trier of fact, including whether plaintiff's belief in noncoverage was reasonable under the circumstances, thereby precluding an award of summary judgment in favor of either party.

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.