■ CLARK DUFFIN, Respondent, v COLONIAL INDEMNITY INSURANCE COMPANY, Appellant, and MICHAEL KERNS, Doing Business as BALLOONS RESTAURANT, Respondent. [706 NYS2d 559] —Judgment unanimously reversed on the law without costs and judgment granted in accordance with the following Memorandum: Supreme Court erred in granting judgment in favor of plaintiff declaring that defendant Colonial Indemnity Insurance Company (Colonial) is obligated to defend and indemnify Michael Kerns, doing business as Balloons Restaurant (defendant), in an action commenced by plaintiff in Federal court against defendant. Plaintiff was injured during an altercation at defendant's restaurant on July 29, 1990. Defendant and his wife, who were both at the restaurant at the time of the incident, were aware that plaintiff was involved in an altercation and that he was on the ground, but were unaware that he was injured. When plaintiff was at the restaurant several weeks or months later, both defendant and his wife observed that plaintiff used crutches, and defendant's wife learned from plaintiff that he required medical treatment when he returned to his home in Canada after the incident at defendant's restaurant. Defendant did not advise Colonial of the incident until he received a summons in October of 1993. Colonial denied coverage because defendant failed to notify Colonial of the incident as an occurrence that might result in a claim under the policy. It is well settled that "[t]he requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage [citations omitted]. There may be circumstances, such as * * * a reasonable belief in nonliability, that will excuse or explain delay in giving notice, but the insured has the burden of showing the reasonableness of such excuse" (*White v City of New York*, 81 NY2d 955, 957). Here, defendant failed to establish a "good-faith belief of nonliability * * * [that was] reasonable under all the circumstances" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441). Based upon defendant's observations of plaintiff on the floor after the altercation and later on crutches, and the information that

plaintiff had obtained medical treatment for an injury sustained at defendant's restaurant, together with the fact that defendant had been sued four or five times, it cannot be said that the incident "was not one which would lead a reasonable person to envision any possible liability" (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp., supra,* at 442). Thus, defendant's belief that there was no potential liability is not sufficient to establish a reasonable excuse or explanation for defendant's delay in notifying Colonial about the incident (*see, McCarthy v Nova Cas. Co.,* 239 AD2d 851, 852, *lv denied* 90 NY2d 807). We therefore reverse the judgment and grant judgment in favor of Colonial declaring that Colonial is not obligated to defend and indemnify defendant in an action commenced by plaintiff in Federal court against defendant or to pay the reasonable attorney's fees of defendant incurred in the defense of this action. (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Declaratory Judgment.) Present—Hayes, J. P., Hurlbutt, Scudder and Kehoe, JJ.