■ WAYNE COOPERATIVE INSURANCE COMPANY, Appellant, v DAVID WOODWARD et al., Respondents. (Appeal No. 1.) [802 NYS2d 293]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered July 1, 2004 in a declaratory judgment action. The judgment, among other things, declared that plaintiff has a duty to

defend and indemnify defendant David Woodward in the underlying personal injury action commenced by defendant Thomas J. Cleary against defendant David Woodward.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from a judgment declaring that it has a duty to defend and indemnify defendant David Woodward in the underlying personal injury action commenced by defendant Thomas J. Cleary against Woodward. On January 30, 2001, Cleary fell from a forklift while he and Woodward were constructing a loft located in a barn on Woodward's property. Cleary informed Woodward that his own medical insurance would cover the cost of his injuries and that he did not intend to pursue legal action against Woodward. In mid to late April 2001, however, Cleary's medical insurer refused to provide coverage, and Cleary then made a claim under Woodward's liability policy with plaintiff. Woodward's liability policy requires that prompt notice be given "if an insured becomes aware of anything that indicates there might be a claim under this policy." At the outset of May 2001, Woodward notified plaintiff of Cleary's accident, but plaintiff disclaimed coverage based on Woodward's failure to provide prompt notice of the accident and based on a policy exclusion for farm employees. After Cleary commenced the underlying action against Woodward, plaintiff commenced this action seeking judgment declaring that it has no obligation to defend Woodward in the underlying action.

Contrary to the contention of plaintiff, Supreme Court properly denied its cross motion for summary judgment. Although plaintiff met its initial burden of establishing that Woodward failed to provide the requisite prompt notice, thus vitiating coverage (*see American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433, 440 [1997]), defendants raised an issue of fact whether Woodward's failure to provide timely notice was reasonably excused by the fact that Woodward was not aware of anything indicating that there "might be a claim" under the policy until Cleary indicated to him that he would be making a claim (*see Kaliandasani v Otsego Mut. Fire Ins. Co.*, 256 AD2d 310, 311 [1998]; *cf. McCarthy v Nova Cas. Co.*, 239 AD2d 851, 852 [1997], *lv denied* 90 NY2d 807 [1997]; *cf. generally Dryden Mut. Ins. Co. v Greaser*, 269 AD2d 792, 793 [2000]). In addition, defendants raised an issue of fact whether Cleary was an independent contractor and thus did not fall within the ambit of the policy exclusion for farm employees (*see generally Sikorski v Burroughs Dr. Apts.*, 306 AD2d 844, 846 [2003]; *Greene v Osterhoudt*, 251 AD2d 786, 787 [1998]).

We further conclude that the court properly granted judgment in favor of defendants after conducting a trial. Viewing the evidence in the light most favorable to sustain the judgment rendered following this nonjury trial (*see Matter of City of Syracuse Indus. Dev. Agency [Alterm, Inc.]*, 20 AD3d 168, 170 [2005]), we conclude that there is a fair interpretation of the evidence supporting the court's determination that Woodward's failure to provide timely notice was reasonably excused by the fact that Woodward was not aware that there "might be a claim" under the policy until Cleary indicated to him that he would be making a claim (*cf. Dryden*, 269 AD2d at 793; *McCarthy*, 239 AD2d at 852). In addition, we conclude that there is a fair interpretation of the evidence supporting the court's determination that Cleary was an independent contractor rather than a farm employee and thus that the policy exclusion for farm employees was not applicable (*see generally Greene*, 251 AD2d at 787-788). Present—Pigott, Jr., P.J., Green, Hurlbutt, Kehoe and Pine, JJ.