[834 NYS2d 802]

PHILADELPHIA INDEMNITY INSURANCE COMPANY, Appellant, v
GENESEE VALLEY IMPROVEMENT CORP., Respondent, et al.,
Defendant.

Fourth Department, April 20, 2007

## APPEARANCES OF COUNSEL

*Marshall Conway & Wright, P.C.*, New York City (*Christopher T. Bradley* of counsel), for appellant.

*Culley, Marks, Tanenbaum & Pezzulo, LLP*, Rochester (*Frank G. Montemalo* of counsel), for respondent.

## OPINION OF THE COURT

LUNN, J.

On September 24, 2001, defendant Richard Burke was injured when he fell approximately 20 feet to the ground from the roof of a two-story building owned by defendant Genesee Valley Improvement Corp. (GVIC). The building is located on Schuyler Street in Belmont, New York, and it housed the administrative offices of Allegany County Community Opportunities and Rural Development Corporation (ACCORD), GVIC's parent corporation. At the time of his fall, Burke was employed by Don C. Parker, doing business as Construction Plus (Construction Plus), who was hired by GVIC to perform renovations and roof repair work on its building. An ambulance was immediately called to the scene of the accident, while ACCORD personnel and employees of Construction Plus assisted Burke as he lay on the ground. As a result of the fall, Burke suffered serious injuries to his left arm, requiring immediate surgery. On the following day, the secretary/treasurer of GVIC, who is also ACCORD's executive director, was informed of Burke's accident by one of his staff members.

On June 4, 2002, Burke commenced an action against GVIC seeking damages for common-law negligence and the violation of Labor Law §§ 200, 240 (1) and § 241 (6). On June 21, 2002, plaintiff received notice of the underlying claim and lawsuit. On July 30, 2002, following its investigation into the matter, plaintiff disclaimed coverage based on, inter alia, GVIC's failure to comply with the policy provision requiring GVIC to provide timely notice of the accident.

Thereafter, plaintiff commenced this action seeking, inter alia, a declaration that it is not obligated to defend or indemnify GVIC in the underlying action. Following discovery, plaintiff moved for summary judgment seeking a declaration to that effect, and GVIC cross-moved for summary judgment declaring that plaintiff is obligated to defend and indemnify it in the underlying action. Supreme Court determined that plaintiff met its initial burden on the motion by establishing that GVIC unreasonably delayed in notifying it of the

potential claim by Burke, but the court denied the motion and cross motion based on its further determination that GVIC raised triable issues of fact whether it had a good-faith belief that it had no liability with respect to Burke and whether that belief was reasonable.

We conclude that the court erred in denying plaintiff's motion. It is well established that "[t]he requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage" (*White v City of New York*, 81 NY2d 955, 957 [1993]). Further, "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy . . . , and the insurer need not show prejudice before it can assert the defense of noncompliance" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). "The burden of justifying the delay by establishing a reasonable excuse is upon the insured . . . , and where the insured offers no excuse or an excuse unsupported by credible facts, the issue of reasonableness may be determined by the court as a matter of law" (*Can-Am Roofing v American States Ins. Co.*, 229 AD2d 973, 974 [1996]; *see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 130 [1957]; *Hartford Fire Ins. Co. v Masternak*, 55 AD2d 472, 474 [1977]).

Although a good-faith belief in nonliability may excuse a failure to give timely notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 441; *Duffin v Colonial Indem. Ins. Co.*, 270 AD2d 942 [2000]), "[a]t issue under the policy provision [in this case] is not whether [GVIC had] a good-faith belief in nonliability, but whether [it] should have anticipated a claim" (*Dryden Mut. Ins. Co. v Greaser*, 269 AD2d 792, 793 [2000]). "[T]he insured's belief must be reasonable under all the circumstances, and it may be relevant on the issue of reasonableness, whether and to what extent, the insured has inquired into the circumstances of the accident or occurrence" (*Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 441; *see Great Canal Realty Corp.*, 5 NY3d at 743-744). In sum, "[a]t issue is not whether the insured believes he will ultimately be found liable for the injury, but whether he has a reasonable basis for a belief that no claim will be asserted against him" (*SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998]).

In determining whether an insured's belief in nonliability is unreasonable as a matter of law, the court should consider,

inter alia, whether the insured failed to make an adequate inquiry into the injured party's condition to determine its seriousness (*see Felix v Pinewood Bldrs., Inc.*, 30 AD3d 459, 461 [2006]), and whether the insured failed to make a "deliberate determination" in evaluating potential liability (*Long Is. Light. Co. v Allianz Underwriters Ins. Co.*, 24 AD3d 172, 173 [2005], *lv dismissed* 6 NY3d 844 [2006]; *see Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 442). Ultimately, the determination turns on whether an "ordinary prudent person could have reasonably believed himself to be immune from potential civil liability under the circumstances" (*Zadrima v PSM Ins. Cos.*, 208 AD2d 529, 530 [1994], *lv denied* 85 NY2d 807 [1995]).

Here, ACCORD's senior staff admitted at their depositions that they did not conduct any investigation into Burke's accident. Rather, what they knew of the incident was derived from only a few casual conversations with other employees. GVIC's secretary/treasurer admitted that no investigation was undertaken and that no determination was made with respect to GVIC's potential liability because he assumed that the insurance of Burke's employer would cover Burke's claims. GVIC's assumption that other parties would bear the ultimate responsibility for Burke's injuries is insufficient and unreasonable as a matter of law to excuse GVIC's nine-month delay in providing notice (*see Heydt Contr. Corp. v American Home Assur. Co.*, 146 AD2d 497, 499 [1989], *lv dismissed* 74 NY2d 651 [1989]). Further, GVIC's reliance on the assurances of Burke that he was "okay" and his failure to mention that he would be commencing a lawsuit against GVIC also does not excuse the delay in providing notice (*see Platsky v Government Empls. Ins. Co.*, 181 AD2d 764 [1992]).

Under the circumstances of this case, "no ordinary prudent person could have reasonably believed himself to be immune from potential civil liability" (*Zadrima*, 208 AD2d at 530). Thus, GVIC has failed to raise a triable issue of fact whether its nine-month delay in providing notice to plaintiff was reasonably founded upon a good-faith belief that it should not have anticipated a claim (*see Dryden Mut. Ins. Co.*, 269 AD2d at 793).

Accordingly, the order insofar as appealed from should be reversed, plaintiff's motion granted and judgment granted in favor of plaintiff declaring that it is not obligated to defend or indemnify GVIC in the underlying action.

CENTRA, J.P., PERADOTTO and PINE, JJ., concur.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and judgment is granted in favor of plaintiff as follows:

It is ADJUDGED AND DECLARED that plaintiff is not obligated to defend or indemnify defendant Genesee Valley Improvement Corp. in the underlying action.