■ FIRST BAPTIST CHURCH OF OLEAN, Also Known as FIRST BAPTIST CHURCH, Respondent, v JOHN S. GREY et al., Respondents, and AMERICAN STATES INSURANCE COMPANY, Appellant, et al., Defendants. [881 NYS2d 339]—Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered October 16, 2007 in a declaratory judgment action. The order, insofar as appealed from, denied the motion of defendant American States Insurance Company for summary judgment.

It is hereby ordered that the order so appealed from is affirmed without costs.

All concur except Hurlbutt, J.P., and Peradotto, J., who dissent and vote to reverse the order insofar as appealed from in accordance with the following memorandum.

Hurlbutt, J.P., and Peradotto, J. (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying the motion of defendant American States Insurance Company (American States) for summary judgment seeking a declaration that it

is not obligated to defend or indemnify plaintiff, First Baptist Church of Olean, also known as First Baptist Church (Church), in the underlying personal injury action commenced by John S. Grey, a defendant herein, against the Church.

Grey was injured on November 30, 2000 while performing construction work on the side of a barn structure owned by the Church when he fell 20 feet to the ground from the extension ladder on which he was standing. Grey was at that time employed by Grey Builders Co., Inc. (Grey Builders), which had been hired by the Church to perform construction work on the structure. A Church employee assisted Grey, who was transported by ambulance to the hospital. It is undisputed that, within a day of the accident, a Church trustee was informed of the accident and that Grey was transported by ambulance to the hospital, and learned that Grey had fractured his wrist. It is also undisputed that the Church completed an accident report.

On October 8, 2003, Grey and his wife commenced the underlying action against the Church and, that same month, the Church provided notice of the accident and lawsuit to American States, its insurance carrier. By letter dated November 4, 2003, American States disclaimed coverage based on the failure of the Church to comply with the policy provision requiring the Church to provide prompt notice of "an 'occurrence' that may result in a claim." The Church thereafter commenced this action seeking a declaration that American States is obligated to defend and indemnify it in the underlying action. The court denied the ensuing motion of American States for summary judgment declaring that it is not obligated to defend or indemnify the Church, as well as the cross motion of the Church for summary judgment seeking a declaration to the contrary. The court determined that there were triable issues of fact whether the Church had a reasonable good-faith belief that it was not liable or that a claim would not be made against it.

It is well settled that the prompt notice requirement "operates as a condition precedent to coverage" (*White v City of New York*, 81 NY2d 955, 957 [1993]) and that, "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). Thus, based on the policy language, the issue before us is whether the Church had a reasonable good-faith belief that the occurrence would not result in a claim (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Dryden Mut. Ins. Co. v Greaser*, 269 AD2d 792 [2000]). In determining whether such a belief was reasonable, a court should consider, inter alia, "whether the insured [made]

an adequate inquiry into the injured party's condition to determine its seriousness . . . , and whether the insured [made] a 'deliberate determination' in evaluating potential liability" (*Philadelphia Indem. Ins. Co. v Genesee Val. Improvement Corp.*, 41 AD3d 44, 47 [2007]).

Here, the record establishes that the Church, within a day of the accident, was aware that Grey had fallen 20 feet from a ladder to the ground, had been transported by ambulance to a hospital, and had fractured his wrist. Although in our view "[s]uch information would cause a reasonable and prudent person to investigate the circumstances, ascertain the facts, and evaluate his [or her] potential liability" (*Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 442), the Church performed no such investigation and instead determined that the accident was a "minor incident" that would be covered by Grey Builders' insurance company. We thus conclude that the Church "failed to exercise reasonable care and diligence in ascertaining the facts about the alleged accident and in evaluating [its] potential liability. Thus, the otherwise unreasonable delay of [almost three years] in giving notice may not be excused or explained on the basis of 'lack of knowledge' or a 'belief of nonliability' " (*id.* at 443; *see Haas Tobacco Co. v American Fid. Co.*, 226 NY 343, 347 [1919]; *Philadelphia Indem. Ins. Co.*, 41 AD3d at 47). Had the Church performed a reasonable investigation, it would have learned that there was a possibility of liability and thus that a claim might be brought (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 427-428 [2006]; *Zadrima v PSM Ins. Cos.*, 208 AD2d 529, 530 [1994], *lv denied* 85 NY2d 807 [1995]).

Although the owner of Grey Builders submitted an affidavit in opposition to the motion of American States in which he asserted that he had informed the Church that it was not responsible for the injury and that Grey Builders would take care of the worker's injuries, that affidavit is insufficient to raise a triable issue of fact that would preclude summary judgment. Even if the injured worker himself had informed the Church that he was not going to bring a lawsuit against it, the Church would not be excused for its almost three-year delay in providing notice to American States. "[T]he fact that the injured party voiced the intent not to sue anyone will not excuse the insured's delay when the facts and circumstances surrounding the happening of the injury are such that a reasonable person could envision liability" (*Vradenburg v Prudential Prop. & Cas. Ins. Co.*, 212 AD2d 913, 914 [1995]; *see E.B. Gen. Contr. v Nationwide Ins. Co.*, 189 AD2d 796 [1993]; *Platsky v Government Empls. Ins. Co.*, 181 AD2d 764, 765 [1992]). Because the

Church would not be entitled to rely on the assurances of the worker himself, we conclude that it likewise would not be entitled to rely on the assurances given by the owner of Grey Builders. In any event, there is no evidence in the record that the Church in fact relied on the owner's assurances.

We therefore would reverse the order insofar as appealed from, grant the motion of American States for summary judgment and grant judgment in its favor declaring that American States is not obligated to defend or indemnify the Church in the underlying personal injury action. Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.