■ SEVENSON ENVIRONMENTAL SERVICES, INC., et al., Respondents, v SIRIUS AMERICA INSURANCE COMPANY, Also Known as SIRIUS INSURANCE COMPANY, Appellant, and THOMAS JOHNSON, INC., Respondent. [883 NYS2d 423]—

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered August 13, 2008 in a declaratory judgment action. The judgment, insofar as appealed from, granted in part the motion of defendant Thomas Johnson, Inc. for summary judgment and declared that defendant Sirius America Insurance Company, also known as Sirius Insurance Company, is obligated to defend and indemnify defendant Thomas Johnson, Inc. in an underlying action, denied the cross motion of defendant Sirius America Insurance Company, also known as Sirius Insurance Company, for summary judgment, and granted the cross motion of plaintiffs to compel defendant Sirius America Insurance Company, also known as Sirius Insurance Company, to provide complete responses to all outstanding discovery requests.

It is hereby ordered that the judgment insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Thomas Johnson, Inc. is denied in its entirety and the declaration is vacated, the cross motion of defendant Sirius America Insurance Company, also known as Sirius Insurance Company, is granted and judgment is granted in its favor as follows: It is adjudged and declared that defendant Sirius America Insurance Company, also known as Sirius Insurance Company, is not obligated to defend or indemnify defendant Thomas Johnson, Inc. in the underlying action, and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Plaintiffs, Sevenson Environmental Services, Inc. (Sevenson) and The Goodyear Tire and Rubber Company (Goodyear), commenced this action seeking, inter alia, a declaration that defen-

dant Sirius America Insurance Company, also known as Sirius Insurance Company (Sirius), is obligated to defend and indemnify them in an underlying personal injury action. Defendant Thomas Johnson, Inc. (TJI) likewise cross-claimed for a declaration that Sirius is obligated to defend and indemnify it in the underlying action, and thereafter moved for that relief, as well as other relief. Sirius contends on appeal that Supreme Court erred in granting the motion of TJI insofar as it sought that declaration and denying the cross motion of Sirius for summary judgment declaring that it has no such obligation with respect to TJI. We agree, inasmuch as we conclude that Sirius established as a matter of law that it validly disclaimed coverage based on TJI's late notice of the accident.

Pursuant to the terms of its insurance policy with Sirius, TJI was required to notify Sirius of any accident or occurrence "which may result in a claim" as soon as practicable. Compliance with that requirement is a condition precedent to coverage (*see Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924 [1998]) and, "[a]bsent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). Here, TJI's employee, the plaintiff in the underlying action, was injured in a construction accident on October 6, 2003. TJI learned of the injury within days after the accident but failed to notify Sirius of the accident until December 31, 2004. The excuse of TJI for that delay of nearly 15 months, i.e., that it believed that its employee intended to assert only a workers' compensation claim, is unreasonable as a matter of law (*see generally DeLosh*, 249 AD2d at 925).

We further conclude that Sirius provided TJI with timely written notice of its disclaimer, in accordance with Insurance Law § 3420 (d). Sirius issued its disclaimer letter upon completion of its investigation, 24 days after receiving TJI's notice of the claim (*see Dryden Mut. Ins. Co. v Greaser*, 269 AD2d 792, 793 [2000]). Contrary to TJI's contention, the disclaimer letter was valid inasmuch as it " 'apprise[d] [TJI] with a high degree of specificity of the ground . . . on which the disclaimer [was] predicated' " (*Utica Mut. Ins. Co. v Gath*, 265 AD2d 805, 806 [1999]). The court's determination that Sirius was not prejudiced by TJI's late notice of claim is of no moment. As the Court of Appeals wrote, "[w]e have long held, and recently reaffirmed, that an insurer that does not receive timely notice in accordance with a policy provision may disclaim coverage, whether it is prejudiced by the delay or not" (*Briggs Ave. LLC v Insurance Corp. of Hannover*, 11 NY3d 377, 381-382 [2008]). We note that,

in addressing the issue of prejudice, the court erred in relying on amendments to Insurance Law § 3420 that apply only to policies issued on or after January 17, 2009. The policy in question was issued before that effective date, and thus "[t]he common-law no-prejudice rule applies to this case" (*id.* at 382).

Sirius further contends on appeal that the court erred in granting plaintiffs' motion to compel the disclosure of documents listed in its privilege log without first conducting an in camera review of those documents (*see Baliva v State Farm Mut. Auto. Ins. Co.*, 275 AD2d 1030, 1031 [2000]). We also agree with that contention. The broad discretion afforded trial courts in supervising discovery is not unlimited (*see Hardy v Tops Mkts.*, 231 AD2d 879, 880 [1996]), and here Sirius refused to disclose several documents based upon its contention that they included communications between its attorney and representatives of UTC Risk Management Services, Inc. (UTC), Sirius' third-party claims administrator. Thus, according to Sirius, the documents in question fall within the scope of the attorney-client privilege. As Sirius correctly contends, the attorney-client privilege extends to communications to "one serving as an agent of either attorney or client" (*First Am. Commercial Bancorp, Inc. v Saatchi & Saatchi Rowland, Inc.*, 56 AD3d 1137, 1139 [2008] [internal quotation marks omitted]) and, contrary to plaintiff's contention, the record establishes that UTC acted as an agent of Sirius. Significantly, UTC, acting on behalf of Sirius, issued the disclaimer letter to TJI and also sent a similar letter to Goodyear. Moreover, there is no evidence that TJI, Goodyear, or Sevenson questioned UTC's authority to act on behalf of Sirius. The determination whether a particular document is shielded from disclosure by the attorney-client privilege "is necessarily a fact-specific determination . . . , most often requiring an in camera review" (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 378 [1991]). We therefore remit the matter to Supreme Court to determine plaintiffs' motion following an in camera review of the documents in question. Present—Hurlbutt, J.P., Centra, Peradotto, Carni and Gorski, JJ.