■ JAMES F. BRAMER, II, Also Known as JAMES BRAMER, II, Doing Business as BRAMER'S SUNOCO and another, Appellant, v UTICA MUTUAL INSURANCE COMPANY et al., Respondents, et al., Defendant. [891 NYS2d 774]—

Memorandum: Plaintiff appeals from a judgment that, inter alia, declared that defendants-respondents (hereafter, defendants) are not obligated to defend or indemnify plaintiff in an underlying action commenced by New York State pursuant to Navigation Law § 181 seeking to recover the cost of remediating petroleum contamination (*State of New York v Essex Prop. Mgt., LLC*, 12 AD3d 1123 [2004]). We affirm.

It is well settled that notice provisions of an insurance policy

"operate[ ] as a condition precedent to coverage" (*White v City of New York*, 81 NY2d 955, 957 [1993]), and that the insurer is not required to demonstrate prejudice before disclaiming coverage based on the unexcused failure to comply with the notice requirements (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). Failure to provide the insurer with timely notice, however, may be excused by a good faith belief that no claim will be asserted against the insured, provided that the belief is reasonable under all of the circumstances (*see Philadelphia Indem. Ins. Co. v Genesee Val. Improvement Corp.*, 41 AD3d 44, 46 [2007]). " '[A]t issue is not whether the insured believes he will ultimately be found liable for the injury' " (*id.*). In addition, "a justifiable lack of knowledge of insurance coverage may excuse a delay in reporting an occurrence" (*Winstead v Uniondale Union Free School Dist.*, 201 AD2d 721, 723 [1994]). "The burden of establishing a reasonable excuse for the delay is upon the insured" (*Matter of Travelers Ins. Co. [DeLosh]*, 249 AD2d 924, 925 [1998]; *see Great Canal Realty Corp.*, 5 NY3d at 744).

Here, the record establishes that plaintiff received notice of the condition giving rise to the underlying action no later than September 1998 and that plaintiff contacted an insurer other than defendants seeking "legal representation reimbursement" at approximately the same time. Plaintiff did not, however, notify defendants of the condition and seek coverage under the applicable policies until December 7, 2000. That delay is unreasonable as a matter of law (*see e.g. Philadelphia Indem. Ins. Co.*, 41 AD3d at 46-47; *Lyell Party House v Travelers Indem. Co.*, 11 AD3d 972, 973 [2004]) and, under the circumstances of this case, plaintiff failed to meet its burden of establishing that its delay in providing notice to defendants "was reasonably founded upon a good-faith belief that it should not have anticipated a claim" (*Philadelphia Indem. Ins. Co.*, 41 AD3d at 47). Contrary to the contention of plaintiff, he also failed to meet his burden of establishing that he was justifiably ignorant of the insurance coverage available to him under the policies issued by defendants (*see Winstead*, 201 AD2d at 723).

In view of our determination, we do not address plaintiff's remaining contentions. Present—Hurlbutt, J.P., Fahey, Peradotto, Green and Gorski, JJ.