# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1012**
**CA 12-00454**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND MARTOCHE, JJ.

---

DONALD BRAASCH CONSTRUCTION, INC. AND CNA
INSURANCE COMPANY, PLAINTIFFS-APPELLANTS,

V                                          MEMORANDUM AND ORDER

STATE INSURANCE FUND, DEFENDANT-RESPONDENT.

---

CARROLL MCNULTY & KULL, LLC, NEW YORK CITY (KRISTIN V. GALLAGHER OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

HARRIS BEACH PLLC, BUFFALO (RICHARD T. SULLIVAN OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 29, 2011.  The order denied plaintiffs' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiffs commenced this action seeking a judgment declaring, inter alia, that defendant is "conditionally obligated" to indemnify them in the underlying personal injury lawsuit (*see e.g. Puckett v County of Erie* [appeal No. 3], 262 AD2d 966; *Puckett v County of Erie* [appeal No. 2], 244 AD2d 865).  The accident that is the subject of the underlying lawsuit occurred in March 1994 and, in April 1995, the personal injury plaintiffs commenced that lawsuit against, inter alia, plaintiff Donald Braasch Construction, Inc. (DBC).  It is undisputed that DBC did not notify defendant of the accident or the personal injury lawsuit until May 1997, at which time defendant disclaimed coverage on the ground that the notice was untimely.  Plaintiffs moved for summary judgment seeking a declaration that defendant must reimburse plaintiffs for one half of the settlement amount and one half of their defense costs in the underlying lawsuit.  Supreme Court denied the motion, concluding that "questions of fact exist, particularly with respect to whether the delay was reasonable."  Plaintiffs appeal from the order denying their motion and, notwithstanding the fact that defendant did not move or cross-move for affirmative relief and also did not cross-appeal from the order, defendant contends that we should dismiss plaintiffs' complaint in its entirety.  Although we recognize that defendant is entitled to seek such relief on this appeal by plaintiff (*see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110-111), we now affirm.

"Notice provisions in insurance policies afford the insurer an opportunity to protect itself . . ., and the giving of the required notice is a condition to the insurer's liability . . . Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440). " 'The burden of justifying the delay by establishing a reasonable excuse is upon the insured' " (*Philadelphia Indem. Ins. Co. v Genesee Val. Improvement Corp.*, 41 AD3d 44, 46), and such excuses include the lack of knowledge of an accident (*see Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 441); a good-faith and reasonable basis for a belief in nonliability (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743; *Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 441; *Philadelphia Indem. Ins. Co.*, 41 AD3d at 46); and a good-faith and reasonable basis for a belief in noncoverage (*see Strand v Pioneer Ins. Co.*, 270 AD2d 600, 600-601; *Seemann v Sterling Ins. Co.*, 267 AD2d 677, 678; *Reynolds Metal Co. v Aetna Cas. & Sur. Co.*, 259 AD2d 195, 200-201; *see generally Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21).

The issue on this appeal is whether DBC had a good-faith and reasonable belief that its Workers' Compensation and Employers' Liability Policy with defendant did not cover the accident and resultant litigation. DBC submitted evidence that the injured plaintiff was not DBC's employee, rendering defendant's policy inapplicable, and that the claims for contractual indemnification were excluded from coverage under defendant's policy. Additionally, DBC submitted evidence that the first claim against DBC that would arguably be covered under its policy was made in April 1997. Defendant, however, submitted evidence that DBC knew of the facts implicating coverage on the date of the accident or, at the very latest, when it moved for summary judgment in 1996 on the ground that the injured plaintiff was a special employee of DBC. "Of course, there is no inflexible test of reasonableness. As with most questions whose answers are heavily dependent on the factual contexts in which they arise, rules of general application are hard to come by" (*Mighty Midgets*, 47 NY2d at 19-20). We thus conclude that there are triable issues of fact whether DBC's belief in noncoverage was reasonable (*see Reynolds Metal Co.*, 259 AD2d at 201; *Seemann v Sterling Ins. Co.*, 234 AD2d 672, 673).

Entered:  September 28, 2012                      Frances E. Cafarell
                                                 Clerk of the Court