■ Lyell Party House, Doing Business as The Diplomat Party House, Appellant, et al., Plaintiff, v Travelers Indemnity Company, Respondent. [783 NYS2d 187]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Harold L. Galloway, J.), entered April 28, 2003. The judgment granted defendant's motion for summary judgment in a declaratory judgment action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the provision dismissing the complaint and as modified the judgment is affirmed without costs.

Memorandum: Contrary to the contention of Lyell Party House, doing business as The Diplomat Party House (plaintiff), Supreme Court properly granted defendant's motion for summary judgment and declared that defendant is not required to defend or indemnify plaintiff in the underlying personal injury action brought against plaintiff by a patron who slipped and fell as she exited plaintiff's premises. The commercial general liability policy at issue requires plaintiff to notify defendant "as soon as practicable of an 'occurrence' [, i.e., accident, that] . . . may result in a claim." Although plaintiff was aware of the accident and the injury when it occurred, it did not notify defendant until it was served with the summons and complaint in the underlying action, approximately eight months after the accident. We reject the contention of plaintiff that it had a good-faith belief in nonliability and that its delay in notifying defendant is therefore excusable. "At issue is not whether the insured believes [it] will ultimately be found liable for the injury, but whether [it] has a reasonable basis for a belief that no claim will be asserted against [it]" (*SSBSS Realty Corp. v Public Serv. Mut. Ins. Co.*, 253 AD2d 583, 584 [1998]; *see Dryden Mut. Ins. Co. v Greaser*, 269 AD2d 792, 793 [2000]). Here, plaintiff failed to raise an issue of fact whether it had a reasonable basis for a belief that the injured patron would not assert a claim against it (*see Paramount Ins. Co. v Rosedale Gardens*, 293 AD2d 235, 241-242 [2002]). We note, however, that the court erred in dismissing the complaint in this declaratory judgment action (*see Boyd v Allstate Life Ins. Co. of N.Y.*, 267 AD2d 1038, 1039 [1999]), and we therefore modify the judgment by vacating the provision dismissing the complaint. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.