■ MARY ELIZABETH HRITZ et al., Appellants, v DONALD A. SACO, Individually and as Executor of SYLVIA SENTER, Deceased, et al., Defendants, and GREAT NORTHERN INSURANCE COMPANY, Respondent. [795 NYS2d 236]—

Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered October 29, 2004, dismissing the complaint

and all cross claims against Great Northern Insurance Company and awarding $108,000 on its counterclaim against plaintiffs for recovery of an advance for living expenses during the pendency of the claim, and bringing up for review an order, same court and Justice, entered October 6, 2004, which granted defendant-respondent's motion for summary judgment; order, same court and Justice, entered December 7, 2004, which, to the extent appealable, denied plaintiffs' motion to renew; and order, same court and Justice, entered February 16, 2005, granting leave to renew and adhering to the initial ruling, unanimously affirmed, without costs. Appeal from the aforesaid order entered October 6, 2004 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The Connecticut home purchased by plaintiffs was insured against the risk of physical loss by defendant Great Northern, but the policy clearly and unambiguously excluded "any loss that is contributed to, made worse by, or in any way results from . . . fungi [or] mold." Mold and mycotoxins arising therefrom were discovered during renovations which allegedly caused plaintiff Mary Elizabeth Hritz to incur severe allergic reactions. After inspection by mold specialists, plaintiffs razed the house rather then attempt to decontaminate it. During the investigation of the claim, Great Northern advanced plaintiffs extra living expenses with an agreement to repay such amounts should it be determined that their claim was not covered. Great Northern ultimately denied coverage on the grounds that leaks and mold growth occurred prior to commencement of coverage, the loss was not fortuitous, and the policy excluded loss caused by "wear and tear, gradual deterioration, . . . fungi, . . . mold, . . . dry or wet rot."

Besides suing the sellers and broker based on allegations that water intrusion and moisture damage existing at the time of the sale caused the mold condition, plaintiffs also sued Great Northern to recover the policy maximum for complete loss of their home. In summarily dismissing the action as to Great Northern, the court found that mold was specifically excluded under the policy, and mycotoxins were excluded as caused by mold.

Great Northern met its burden of proving that the mold exclusion applied, and the burden then shifted to plaintiffs to prove the applicability of an exception to the exclusion (*see Northville Indus. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 89 NY2d 621, 634 [1997]; *Buell Indus., Inc. v Greater N.Y. Mut. Ins. Co.*, 259 Conn 527, 550-551, 791 A2d 489, 504 [2002]).

Plaintiffs failed to meet their burden of demonstrating that

mold was not the efficient proximate cause of the loss (*see Frontis v Milwaukee Ins. Co.*, 156 Conn 492, 499, 242 A2d 749, 753 [1968]). While the presence of dampness and moisture can contribute to the development of mold, the mere fact that water or moisture, arising under ambient conditions over time, contributes to the loss does not make it the efficient proximate cause (*see e.g. 40 Gardenville, LLC v Travelers Prop. Cas. of Am.*, 2005 WL 327108, 2005 US Dist LEXIS 4406 [WD NY 2005]). Nor was there any showing that the loss was fortuitous or ensued from something entirely different from the damage that naturally flowed from perils associated with mold contamination (*see Sansone v Nationwide Mut. Fire Ins. Co.*, 47 Conn Supp 35, 770 A2d 500 [1999], *affd* 62 Conn App 526, 771 A2d 243 [2001]).

Since the claim was outside the policy coverage, summary judgment was properly granted on Great Northern's counterclaim for repayment of the living expense advances. We have considered plaintiffs' remaining arguments and find them without merit. Concur—Friedman, J.P., Sullivan, Gonzalez, Sweeny and Catterson, JJ.