■ GARY R. SIEGEL, as Trustee for Equity Resources Trust, et al., Appellants, v THE CHUBB CORPORATION et al., Defendants, and PACIFIC INDEMNITY COMPANY, Respondent. [825 NYS2d 441]—

Order, Supreme Court, New York County (Jane S. Solomon,

J.), entered April 12, 2006, which granted defendant Pacific Indemnity's motion for summary judgment dismissing the complaint against it and awarding $120,000 on Pacific's counterclaim, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.

Plaintiff Kramer was forced to vacate his condominium when environmental testing demonstrated high levels of toxins in the air, caused by mold. Kramer sought extra living expenses under his all-risk policy written by Pacific, and received a $120,000 advance without prejudice to recovery. Pacific later disclaimed coverage under the mold exclusion, and counterclaimed for return of the advance.

Pacific met its burden of demonstrating that the mold exclusion of the policy applied (*see Hritz v Saco*, 18 AD3d 377 [2005]). The policy excludes "any loss caused by . . . mold." The term "caused by" is defined as "any loss that is contributed to, made worse by, or in any way results from that peril." Plaintiffs' assertion that the loss was caused not by mold but by toxins in the air is unavailing, as mold is the "efficient proximate cause" of the insured's loss (*id.* at 379; *see generally Pan Am. World Airways, Inc. v Aetna Cas. & Sur. Co.*, 505 F2d 989, 1006-1007 [2d Cir 1974]). Moreover, there is no evidence that the mold was caused by any leak, which plaintiffs argue would be a covered occurrence.

We have examined plaintiffs' other arguments and find them without merit. Concur—Tom, J.P., Andrias, Marlow, McGuire and Malone, JJ.