■ REEVA POTOFF, Respondent, v CHUBB INDEMNITY INSURANCE COMPANY, Appellant. [874 NYS2d 124]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered May 29, 2008, which denied defendant's motion for summary judgment and granted plaintiff's cross motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

When interpreting an insurance clause, it is for the court to determine the parties' rights and obligations based on the specific language of the policy (*see Newin Corp. v Hartford Acc. & Indem. Co.*, 62 NY2d 916, 919 [1984]). In a named-peril policy such as the one at bar, the insured "bears the initial burden of showing that the insurance contract covers the loss," i.e., that the loss resulted from a covered peril (*Roundabout Theatre Co. v Continental Cas. Co.*, 302 AD2d 1, 6 [2002]). Here, the policy covered "accidental discharge or overflow from within a plumbing . . . system" and "damage caused by water . . . which backs up from within . . . drains." Plaintiff established that "the proximate, efficient and dominant cause" (*Album Realty Corp. v*

*American Home Assur. Co.*, 80 NY2d 1008, 1010 [1992]) of the damage to her property was the clogged roof drain, which overflowed and sent water leaking into her apartment. The reasonable person would attribute this backup to a plastic bag that clogged the drain, as evidenced by the fact that the water began to clear from the roof almost immediately after the fire department removed the obstruction.

Defendant argues that plaintiff's apartment was damaged not by water emanating "from within" the drain, but rather from rainwater on the roof that seeped or leaked into the building. We reject that view of the evidence.

We have considered defendant's other arguments and find them unavailing as well. Concur—Saxe, J.P., Nardelli, Buckley, Moskowitz and Renwick, JJ.