■ GARY TEAGUE et al., Appellants, v AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, et al., Respondents, et al., Defendant. [898 NYS2d 395]—

Appeal from a judgment (denominated judgment and order) of the Supreme Court, Monroe County (John J. Ark, J.), entered May 7, 2009 in a declaratory judgment action. The judgment, among other things, granted the motion of defendant Automobile Insurance Company of Hartford, Connecticut for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing the complaint and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that Automobile Insurance Company of Hartford, Connecticut (defendant) is obligated to defend plaintiffs in the underlying action. Paul Bloser and Carole Bloser, defendants herein, commenced the underlying action seeking damages for injuries sustained by Paul Bloser when he slipped and fell during the course of repair work at plaintiffs' residence. Contrary to the contention of plaintiffs, we conclude that Supreme Court properly granted the motion of defendant for summary judgment declaring that it is not obligated to defend or indemnify plaintiffs in the underlying action.

It is well established that "[t]he requirement that an insured notify its liability carrier of a potential claim 'as soon as practicable' operates as a condition precedent to coverage" (*White v City of New York*, 81 NY2d 955, 957 [1993]). "Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy . . . , and the insurer need not show prejudice before it can assert the defense of noncompliance" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). "[T]here may be circumstances that excuse a failure to give timely notice, such as where the insured has 'a good-faith belief of nonliability,' provided that belief is reasonable" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]). Specifically, "[w]hen the facts of an occurrence are such that an insured acting in good faith would not reasonably believe that liability on his [or her] part will result, notice of the occurrence given by the insured to the insurer is given 'as soon as practicable' if given promptly after the insured receives notice that a claim against him [or her] will in fact be made" (*Merchants Mut. Ins. Co. v Hoffman*, 56 NY2d 799, 801 [1982]; *see D'Aloia v Travelers Ins. Co.*, 85 NY2d 825 [1995], *rearg denied* 85 NY2d 968 [1995]). The insured bears the burden of establishing a reasonable excuse for his or her delay in providing notice (*see Security Mut. Ins. Co. of N.Y.*, 31 NY2d at 441; *Philadelphia Indem. Ins. Co. v Genesee Val. Improvement Corp.*, 41 AD3d 44, 46 [2007]).

The homeowners' insurance policy issued by defendant requires plaintiffs to notify it "as soon as practical" of an " '[o]currence,' " which is defined as "[a]n accident . . . [that] results in 'bodily injury' or 'property damage' during the policy period." Here, the record establishes that plaintiffs received notice that Paul Bloser sustained " 'bodily injury' " in the accident on their property no later than March 2004, when he sent plaintiffs a letter stating that he was "proceeding with legal action" against them "for injuries sustained when [he] fell

on [their] ice-covered sidewalk steps" (*see generally D'Aloia*, 85 NY2d 825 [1995]; *Merchants Mut. Ins. Co.*, 56 NY2d at 801). Plaintiffs did not, however, notify defendant of the accident and seek coverage under the homeowners' insurance policy until March 2006. That delay is unreasonable as a matter of law (*see Philadelphia Indem. Ins. Co.*, 41 AD3d at 46-47; *Lyell Party House v Travelers Indem. Co.*, 11 AD3d 972, 973 [2004]), and plaintiffs failed to raise a triable issue of fact establishing a reasonable excuse for their delay (*see generally Lyell Party House*, 11 AD3d at 973).

We further conclude, however, that the court erred in dismissing the complaint in this declaratory judgment action (*see City of New York v State of New York*, 94 NY2d 577, 588 n 3 [2000]), and we therefore modify the judgment by vacating the provision dismissing the complaint. Present—Scudder, P.J., Peradotto, Lindley and Sconiers, JJ.