14-3220
*Coney Island Auto Parts Unlimited, Inc. v. Charter Oak Fire Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of October, two thousand fifteen.

Present:
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges*,
> SIDNEY H. STEIN,
> *District Judge*.*

_____

CONEY ISLAND AUTO PARTS UNLIMITED, INC.,

> *Plaintiff-Appellant*,

v.                                                          14-3220

CHARTER OAK FIRE INSURANCE CO.,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:        NEIL LEON POSTRYGACZ, New York, N.Y.

For Defendant-Appellee:        STEPHEN M. LAZARE, YALE GLAZER, RIPPI GILL, New York, N.Y.

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

**UPON DUE CONSIDERATION WHEREOF it is hereby ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Coney Island Auto Parts Unlimited, Inc. ("Coney Island") appeals from the August 13, 2014 order of the United States District Court for the Eastern District of New York (Ross, *J.*) denying its motion for summary judgment, granting Defendant-Appellee's motion for summary judgment, and dismissing the action in its entirety. Coney Island sought a declaration in this diversity suit that its insurance policy, issued by Defendant-Appellee Charter Oak Fire Insurance Company ("Charter Oak"), covered damages resulting from a collapse of the concrete floor on Coney Island's premises. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal, which we describe here only as necessary to explain our decision to affirm.

* * *

"We review de novo a district court's ruling on cross-motions for summary judgment, in each case construing the evidence in the light most favorable to the non-moving party." *Ackerson v. City of White Plains,* 702 F.3d 15, 19 n.1 (2d Cir. 2012) (per curiam) (internal quotation marks omitted). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the Policy de novo." *VAM Check Cashing Corp. v. Fed. Ins. Co.,* 699 F.3d 727, 729 (2d Cir. 2012).

Coney Island purchased a commercial insurance policy ("the Policy"), effective from July 19, 2011 to July 19, 2012, from Charter Oak. In Part B, the Policy excludes recovery for loss resulting from "Earth Movement" and from "Collapse of Buildings." The building collapse

exclusion, however, contains an exception that restores coverage under that section under certain conditions.  All exclusions in the Policy, moreover, are subject to the "anti-concurrent clause," which states that Charter Oak "will not pay for loss or damage caused directly or indirectly by any of the following [exclusions].  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss."  A432.  On or about December 19, 2011, a portion of the poured concrete floor at Coney Island's Pitkin Avenue site in Brooklyn, New York collapsed.  On January 24, 2012, Charter Oak denied Coney Island's claim for coverage under the policy.  This litigation ensued.

Under New York law, applicable here, the ordinary rules of contract interpretation apply to insurance policies.  *See Accessories Biz, Inc. v. Linda & Jay Keane, Inc.*, 533 F. Supp. 2d 381, 386 (S.D.N.Y. 2008).  Thus, "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract."  *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir. 2006) (quoting *Morgan Stanley Grp. Inc. v. New Eng. Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000)).  In interpreting an insurance contract, the court must determine as "a threshold question of law" whether the contract is ambiguous.  *Duane Reade Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 390 (2d Cir. 2005).  Summary judgment is appropriate when the terms of a policy are unambiguous.  *Seiden Assocs., Inc., v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992).

New York courts have stressed that "[w]here an insurer relies on an exclusion to avoid coverage, it has the burden of demonstrating that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case."  *Pichel v. Dryden Mut. Ins. Co.*, 986 N.Y.S.2d 268, 270 (N.Y. App. Div. 2014).  Nonetheless, we interpret exclusions of policies "seriatim, not cumulatively, and if any one exclusion applies there

3

can be no coverage since no one exclusion can be regarded as inconsistent with another." *Zandri Const. Co. v. Firemen's Ins. Co. of Newark*, 440 N.Y.S.2d 353, 356 (N.Y. App. Div. 1981).

In this case, the district court correctly determined that the Policy's exclusion for "Earth Movement" was unambiguous and that, based on undisputed facts in the record, it was triggered in this case. First, the parties do not dispute that the fill beneath the concrete slab contained soil, and that the settlement of this soil contributed to the floor's collapse. The presence in the fill of other items, such as concrete and bricks, does not affect the legal question whether, within the "plain meaning" of the Policy's exclusion for "Earth Movement," *see McCarthy v. Am. Int'l Grp., Inc.*, 283 F.3d 121, 124 (2d Cir. 2002), the settlement of the soil beneath the concrete slab qualifies as "earth sinking, rising or shifting." [1] A432. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 714 (listing "soil" and "ground" as synonyms for "earth").

Coney Island argues that the exception within the "Collapse of Buildings" exclusion for loss caused in specified circumstances by "defective material or methods in construction, remodeling or renovation" creates ambiguity in the policy. We disagree. This inclusionary language applies only if the collapse is "caused only by one or more of the [specified causes]." A434. Because the collapse here was caused in part by "earth sinking, rising or shifting," which is not an excepted cause, the exception to the "Collapse of Buildings" exclusion is inapplicable. The "Earth Movement" exclusion and the anti-concurrent clause plainly bar coverage, as the loss or damage here was caused at least in part by earth movement.

---

[1] We do not reach Coney Island's argument that earth movement cannot take place within a building's foundation because, assuming arguendo that this argument is applicable here, it was raised for the first time on appeal. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005).

We have considered Coney Island's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk