■ ANDREW CLEARY et al., Appellants, v AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Respondent, et al., Defendant. [35 NYS3d 238]—

In an action, inter alia, for a judgment declaring that the plaintiffs are entitled to coverage for certain losses under homeowners' insurance policies issued by the defendant Automobile Insurance Company of Hartford, Connecticut, and to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated April 28, 2014, as granted that branch of the motion of the defendant Automobile Insurance Company of Hartford, Connecticut which was, in effect, for summary judgment declaring that the

plaintiffs are not entitled to coverage for their losses under the subject homeowners' insurance policies, and denied those branches of their motion which were for summary judgment on their first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not entitled to coverage for their losses under homeowners' insurance policies issued by the defendant Automobile Insurance Company of Hartford, Connecticut.

"An exclusion from coverage must be specific and clear in order to be enforced, and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 514 [2007] [internal quotation marks and citation omitted]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]). "However, an unambiguous policy provision must be accorded its plain and ordinary meaning, and the plain meaning of the policy's language may not be disregarded in order to find an ambiguity where none exists" (*Catucci v Greenwich Ins. Co.*, 37 AD3d at 514 [citation omitted]; *see Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]; *Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723, 724 [1984]). Here, in support of that branch of its motion which was, in effect, for summary judgment declaring that the plaintiffs are not entitled to coverage for certain losses under homeowners' insurance policies it issued, the defendant Automobile Insurance Company of Hartford, Connecticut (hereinafter AICHC), established its prima facie entitlement to judgment as a matter of law by demonstrating that the claimed losses fell within the mold exclusion clause in the subject policies (*see Catucci v Greenwich Ins. Co.*, 37 AD3d at 515; *Siegel v Chubb Corp.*, 33 AD3d 565, 566 [2006]; *Hritz v Saco*, 18 AD3d 377, 378-379 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly granted that branch of the motion of AICHC which was, in effect, for summary judgment declaring that the plaintiffs are not entitled to coverage for their losses under the subject homeowners' insurance policies, and denied those branches of the plaintiffs' motion which were for summary judgment on their first and second causes of action.

Since this is, in part, a declaratory judgment action, the

matter must be remitted to the Supreme Court, Westchester County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not entitled to coverage for their losses under the homeowners' insurance policies issued by AICHC (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Hall, J.P., Roman, Cohen and Connolly, JJ., concur.