■ Thomas C. Hansard, Jr., Respondent, v Federal Insurance Company, Appellant. [46 NYS3d 163]—

In an action for a judgment declaring that the defendant is obligated under the Directors & Officers Liability and Entity Liability Coverage Section of Policy No. 8234-3351 to defend the plaintiff in an underlying action entitled *Coley v Vannguard Urban Improvement Assn., Inc.*, commenced in the United States District Court for the Eastern District of New York, under case No. 12-Civ-5565, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (F. Rivera, J.), dated September 5, 2014, which, upon a decision of the same court also dated September 5, 2014, denied its converted motion for summary judgment declaring that it is not obligated to defend the plaintiff in the underlying action, granted the plaintiff's cross motion for summary judgment declaring that the defendant is obligated to defend him in the

underlying action, and declared that the defendant is obligated to defend the plaintiff in the underlying action under the Directors & Officers Liability and Entity Liability Coverage Section of Policy No. 8234-3351.

Ordered that the order and judgment is reversed, on the law, with costs, the defendant's converted motion for summary judgment is granted, the plaintiff's cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Kings County, for the entry of an amended judgment declaring that the defendant is not obligated to defend the plaintiff in the underlying action under the Directors & Officers Liability and Entity Liability Coverage Section of Policy No. 8234-3351.

In 2012, an action was commenced in the United States District Court for the Eastern District of New York against, among others, Vannguard Urban Improvement Association, Inc. (hereinafter Vannguard), and Thomas C. Hansard, Jr., the Chairman of Vannguard's Board of Directors. The plaintiffs in that action (hereinafter the underlying action) alleged that they were employees of Vannguard and that Vannguard and the other defendants had, among other things, violated the federal Fair Labor Standards Act (29 USC § 201 *et seq.*) and the New York Labor Law with respect to payment of wages and earned vacation benefits. The plaintiffs later amended their complaint to add allegations that the defendants had retaliated against them for commencing the underlying action.

Vannguard was the policyholder of an insurance policy (Policy No. 8234-3351; hereinafter the policy) issued by the Federal Insurance Company (hereinafter FIC). As relevant here, the policy contained a "Directors & Officers Liability and Entity Liability Coverage Section" (hereinafter the D&O section), which included coverage for "Wrongful Act[s]," as that term was defined in the D&O section of the policy. The D&O section, however, contained an exclusion "for any employment-related Wrongful Act." The D&O section did not contain a definition of "employment-related," and that term was not defined elsewhere in the policy. The policy also contained an "Employment Practices Liability Coverage Section" (hereinafter the EPLC section). It is undisputed that Hansard was an "insured" under both the D&O section and the EPLC section.

Hansard sought a defense in the underlying action from FIC, but FIC, in reliance on the exclusion for "any employment-related Wrongful Act," declined to defend him. Hansard responded by commencing this action against FIC, in which he seeks a judgment declaring that FIC is obligated to defend him

in the underlying action under the D&O section of the policy. Hansard does not seek a declaration that FIC is obligated to defend him under the EPLC section of the policy.

FIC made a pre-answer motion to dismiss the complaint under CPLR 3211 (a) (1) and (7). Hansard opposed the motion and requested that it be converted to one for summary judgment. Hansard also cross-moved for summary judgment declaring that FIC is obligated to defend him in the underlying action. The Supreme Court, upon converting FIC's motion to one for summary judgment, denied FIC's converted motion, granted Hansard's cross motion, and declared that FIC is obligated to defend Hansard in the underlying action. FIC appeals.

The general rule as to an insurer's duty to defend an insured is easily stated: "the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 310 [1984]; *see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]). Accordingly, in determining whether the insurer has a duty to defend, it is necessary to determine what a policy covers and whether any facts or grounds alleged in the complaint are within that coverage. Courts must examine the language of the policy and "construe [it] in a way that 'affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect'" (*Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208, 221-222 [2002], quoting *Hooper Assoc. v AGS Computers*, 74 NY2d 487, 493 [1989]; *see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d at 264). The unambiguous provisions of the insurance policy must be given their "plain and ordinary meaning"; their interpretation is a question of law (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]).

Likewise, the issue of whether a provision is ambiguous is a question of law (*see Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). "[T]he test to determine whether an insurance contract is ambiguous focuses on the reasonable expectations of the average insured upon reading the policy" (*Matter of Mostow v State Farm Ins. Cos.*, 88 NY2d 321, 326-327 [1996]). "A contract is unambiguous if the language it uses has 'a definite and precise meaning, unattended by danger of misconception in the purport of the [agreement] itself, and concerning which there is no reasonable basis for a difference of opinion'" (*Greenfield v Philles Records*, 98 NY2d at 569, quoting *Breed v Insurance Co. of N. Am.*, 46 NY2d 351, 355 [1978]).

As a general matter, when the provisions of the policy are ambiguous, the ambiguity must be construed in favor of the insured and against the insurer (*see White v Continental Cas. Co.*, 9 NY3d at 267; *United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]), especially when the ambiguity is "found in an exclusionary clause" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *see Cleary v Automobile Ins. Co. of Hartford, Conn.*, 141 AD3d 501, 502 [2016]). Indeed, "whenever an insurer wishes to exclude certain coverage from its policy obligations, it must do so 'in clear and unmistakable' language. . . . [Exclusions or exceptions] are not to be extended by interpretation or implication, but are to be accorded a strict and narrow construction" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d at 311 [citations omitted]). Courts, however, are not free to disregard the plain meaning of the policy language to find an ambiguity where none exists (*see Cleary v Automobile Ins. Co. of Hartford, Conn.*, 141 AD3d at 502; *see e.g. Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]). Moreover, an ambiguity does not arise from an undefined term in a policy merely because the parties dispute the meaning of that term (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352 [1996]).

Here, as already noted, the D&O section of the policy did not define "employment-related" Wrongful Act. Nevertheless, giving "employment-related" its plain and ordinary meaning does not result in an ambiguity. The relevant definition of "employment" is "the act of employing: the state of being employed" (Merriam-Webster Online Dictionary, employment [http://www.merriam-webster.com/dictionary/employment]). The relevant definition of "related" is "connected by reason of an established or discoverable relation" (Merriam-Webster Online Dictionary, related [http://www.merriam-webster.com/dictionary/related]). In context, an "employment-related Wrongful Act" is a Wrongful Act "connected by reason of an established or discoverable relation to the act of employing or the state of being employed."

The next step in determining whether FIC is obligated to defend Hansard in the underlying action is to determine whether any facts or grounds alleged in the complaint in that action are "connected by reason of an established or discoverable relation to the act of employing or the state of being employed." In the underlying action, the plaintiffs alleged that Vannguard and the individual defendants (including Hansard) violated the federal Fair Labor Standards Act or the New York Labor Law by, among other things, requiring employees to

work "off the clock," thereby depriving them of regular and overtime pay; misclassifying employees as "salaried," thereby depriving them of regular and overtime pay; discharging them before a certain date to avoid paying them a promised settlement package; failing to keep accurate records of wages and hours; and delaying issuance of paychecks beyond the date payment was due. Finally, the plaintiffs alleged that the defendants retaliated against them for commencing the underlying action.

In context, the plain and ordinary meaning of the "employment-related Wrongful Act" exclusion unambiguously encompasses claims regarding violations of wage laws and retaliation for complaints about violations of wage laws. The payment of wages has such an established connection to the "act of employing" or "the state of being employed" that a contrary conclusion would be unreasonable. Put otherwise, no reasonable average insured giving the relevant terms their "plain and ordinary meaning" would conclude that complaints regarding violations of law as to payment of wages were not "employment-related" (see White v Continental Cas. Co., 9 NY3d at 267; Matter of Mostow v State Farm Ins. Cos., 88 NY2d at 326-327). In short, it is clear from the language of the exclusion that the D&O section of the policy did not insure against the clearly "employment-related" claims raised in the underlying action.

Additionally, it is irrelevant that the term "employment-related Wrongful Act" might be ambiguous in the context of other "employment-related" claims. Hansard is not entitled to a defense in the underlying action—for uncovered wage and retaliation claims—simply because the "employment-related Wrongful Act" exclusion might be ambiguous in a context other than wages and retaliation (see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 652 [1993]). Finally, nothing in the EPLC section of the policy renders "employment-related" ambiguous as used in the D&O section of the policy.

In sum, FIC's duty to defend Hansard in the underlying action depends solely on whether the allegations of the plaintiffs in that action are within the coverage of the D&O section of the policy (see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310). Since none of the plaintiffs' allegations are within the D&O section, FIC has no duty to defend Hansard under that section.

Accordingly, upon converting FIC's motion to dismiss Hansard's complaint to one for summary judgment, the Supreme Court should have granted FIC's converted motion,

and it should have denied Hansard's cross motion for summary judgment. Therefore, the order and judgment must be reversed, and the matter remitted to the Supreme Court, Kings County, for the entry of an amended judgment declaring that FIC is not obligated under the D&O section of the policy to defend Hansard in the underlying action. Eng, P.J., Balkin, Connolly and Brathwaite Nelson, JJ., concur.