Fornino v New York Cent. Mut. Fire Ins. Co. (2023 NY Slip Op 04005)

Fornino v New York Cent. Mut. Fire Ins. Co.

2023 NY Slip Op 04005

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

316 CA 22-00898

[*1]MICHAEL FORNINO, PLAINTIFF-APPELLANT,
v
NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. (APPEAL NO. 2.) 

SAUNDERS KAHLER, L.L.P., UTICA (MICHAEL D. CALLAN OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
SARETSKY KATZ & DRANOFF, L.L.P., ELMSFORD (ALLEN L. SHERIDAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (David A. Murad, J.), entered May 3, 2022, in a declaratory judgment action. The judgment, among other things, granted the motion of defendant New York Central Mutual Fire Insurance Company for summary judgment and dismissed plaintiff's amended complaint against it. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the provision dismissing the amended complaint against defendant New York Central Mutual Fire Insurance Company and as modified the judgment is affirmed without costs.
Memorandum: Plaintiff is insured under a homeowner's policy (Policy) issued by defendant New York Central Mutual Fire Insurance Company (NYCM) through an insurance agent, defendant W.B. Payne Company, Inc. (W.B. Payne). After NYCM declined to defend and indemnify plaintiff in a personal injury action arising from the off-premises use of a skid steer owned by plaintiff, plaintiff commenced this action seeking, inter alia, a declaration that NYCM was obligated under the Policy to defend and indemnify him in the personal injury action or, in the alternative, a determination that W.B. Payne breached its duty of care as his insurance agent by failing to obtain proper insurance coverage.
In appeal No. 1, plaintiff appeals from an order denying his motion for summary judgment on the amended complaint against NYCM and W.B. Payne. In appeal No. 2, plaintiff appeals from a judgment that granted NYCM's motion for summary judgment, declared that NYCM had no duty to defend or indemnify plaintiff under the Policy based on the Policy's Motor Vehicle Liability exclusion, and dismissed the amended complaint against NYCM. In appeal No. 3, plaintiff appeals from an order granting W.B. Payne's cross-motion for summary judgment dismissing the amended complaint and all cross-claims against it.
Addressing first appeal No. 2, we reject plaintiff's contention that Supreme Court erred in granting NYCM's motion inasmuch as we conclude that the court properly determined that the occurrence was not covered under the Policy because the Policy's Motor Vehicle Liability exclusion applies. "In determining a dispute over insurance coverage, we first look to the language of the policy. We construe the policy in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect" (Raymond Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 5 NY3d 157, 162 [2005], rearg denied 5 NY3d 825 [2005] [internal quotation marks omitted]). An insurer's duty [*2]to defend "is exceedingly broad" (Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648 [1993] [internal quotation marks omitted]), and any "ambiguities in an insurance policy are to be construed against the insurer, particularly when found in an exclusionary clause" (Breed v Insurance Co. of N. Am., 46 NY2d 351, 353 [1978], rearg denied 46 NY2d 940 [1979]; see 140 Grist, Inc. v Privilege Underwriters Reciprocal Exch., 185 AD3d 636, 638 [2d Dept 2020]). Exclusions contained within the policy "are to be accorded a strict and narrow construction," and the insurance company "must satisfy the burden which it bears of establishing that the exclusions . . . apply in the particular case, and that they are subject to no other reasonable interpretation" (Cragg v Allstate Indem. Corp., 17 NY3d 118, 122 [2011] [internal quotation marks omitted]). However, a court will "not disregard clear provisions which the insurers inserted in the policies and the insured accepted, and equitable considerations will not allow an extension of coverage beyond its fair intent and meaning in order to obviate objections which might have been foreseen and guarded against" (Raymond Corp., 5 NY3d at 162).
Here, the Policy does not provide personal liability coverage or coverage for medical payments to others if the motor vehicle involved in the occurrence is being used somewhere other than the insured location. There is no dispute that the occurrence at issue here did not take place at either of the locations insured under the Policy. Thus, the question here is only whether the skid steer that was involved in the occurrence is a "motor vehicle" under the terms of the Policy. We conclude that it is. The Policy defines a "motor vehicle" as "[a] self-propelled land or amphibious vehicle." Contrary to plaintiff's contention, that definition "is reasonably susceptible of only one meaning" (White v Continental Cas. Co., 9 NY3d 264, 268 [2007] [internal quotation marks omitted]). "[A]n ambiguity does not arise from an undefined term in a policy"—here, the term "vehicle"—"merely because the parties dispute the meaning of that term" (Hansard v Federal Ins. Co., 147 AD3d 734, 737 [2d Dept 2017], lv denied 29 NY3d 906 [2017]). The relevant definition of "vehicle" is "a means of carrying or transporting something" (Merriam- Webster.com Dictionary, vehicle [https://www.merriam-webster.com/ dictionary/vehicle]). Giving "vehicle" its "plain and ordinary meaning does not result in ambiguity" (Hansard, 147 AD3d at 737) and, therefore, "the plain and ordinary meaning of the language used [in the Policy] must control its interpretation" (Malican v Blue Shield of W. N.Y., 52 AD2d 190, 192 [4th Dept 1976]). Contrary to plaintiff's contention, the fact that the Vehicle and Traffic Law may define "motor vehicle" differently is of no moment inasmuch as the contract itself provides a definition of that term (see generally City of Albany v Standard Acc. Ins. Co., 7 NY2d 422, 430 [1960]; Phoenix Ins. Co. v Guthiel, 2 NY2d 584, 588-589 [1957]). We note, however, that the court erred in dismissing the amended complaint against NYCM in this declaratory judgment action (see Teague v Automobile Ins. Co. of Hartford, Conn., 71 AD3d 1584, 1586 [4th Dept 2010]; Lyell Party House v Travelers Indem. Co., 11 AD3d 972, 973 [4th Dept 2004]), and we therefore modify the judgment accordingly.
We reject plaintiff's contention in appeal No. 3 that the court erred in granting W.B. Payne's cross-motion. "[I]nsurance agents have a common-law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage" (Murphy v Kuhn, 90 NY2d 266, 270 [1997]). "To set forth a case for negligence or breach of contract against an insurance broker, a plaintiff must establish that a specific request was made to the broker for the coverage that was not provided in the policy" (American Bldg. Supply Corp. v Petrocelli Group, Inc., 19 NY3d 730, 735 [2012], rearg denied 20 NY3d 1044 [2013]). "A general request for coverage will not satisfy the requirement of a specific request for a certain type of coverage" (Hoffend & Sons, Inc. v Rose & Kiernan, Inc., 7 NY3d 152, 158 [2006]). Here, the evidence W.B. Payne submitted in support of its cross-motion established that it had no record showing that plaintiff made a specific request for third-party liability coverage related to use of the skid steer at a property other than the two insured locations. In opposition, plaintiff submitted evidence demonstrating that he had, at most, made a general request for coverage and that W.B. Payne had, in fact, obtained insurance coverage for the use of the skid steer at plaintiff's residence, in keeping with plaintiff's assertion that the skid steer was solely for personal use.
In light of our determinations in appeal Nos. 2 and 3, plaintiff's contention in appeal No. 1 that the court erred in denying his motion is academic.
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court